UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cr-20071 |
| ) | |
| JERRY CALDWELL, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

This matter is now before the Court on Defendant Jerry Caldwell's Motion for Compassionate Release. (D. 70). For the reasons set forth below, Defendant's Motion is DENIED.

**BACKGROUND**

In March 2021, Defendant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Revised Presentence Investigation Report ("PSR") prepared in advance of sentencing set forth the offense of conviction, which involved the trafficking of several firearms with a felon in custody. (D. 58). The PSR also included Defendant's criminal history which included, but is not limited to, prior convictions for theft, drug charges, and illegal gun possession. At the time of sentencing, Defendant had a total offense level of 27 and a criminal history category IV, putting his sentencing guidelines range at 100-120 months. On July 12, 2021, this Court sentenced Defendant to a term of sixty-four months imprisonment, which was significantly lower than the guideline range. Defendant's projected release date is April 8, 2025, assuming good conduct, to be followed by three years of supervised release.

The PSR also included a summary of Defendant's physical condition, noting he crushed his right heel in 1987 after jumping out of a window to flee from the police, as a result is right leg

is three inches shorter than his left which requires hum to wear a lift and use a cane. In 2006, Defendant was diagnosed with type-2 diabetes and high cholesterol. In 2010, Defendant had a mild heart-attack and was diagnosed with high blood pressure. In 2020, Defendant was diagnosed with chronic obstructive pulmonary heart disease, and as of April 2021, Defendant's health problems included chronic bronchitis, type-2 diabetes, hyperlipidemia, and hypertension.

On May 2, 2022, Defendant filed a request with the warden for compassionate release. That motion was based on several medical conditions, which had led to the removal of a toe and then to the removal of his entire foot shortly thereafter. (D. 71, p. 36). After reviewing Defendant's medical records, the warden denied Defendant's request finding he did not meet the criteria for compassionate release because he was not experiencing deteriorating health that substantially diminished his ability to function in prison and could not be substantially improved with conventional treatment. *Id.* at p. 1. The warden further found Defendant did not qualify for home confinement due to him having a medium recidivism risk and having not completed at least fifty percent of his sentence. *Id.*

On June 23, 2022, Defendant filed a *pro se* Motion for Compassionate Release ("Motion") arguing the amputation of his toes on his right foot resulting in his inability to care for himself in prison constituted an "extraordinary and compelling" reason for release. (D. 70). On June 29, 2022, this Court denied Defendant's request for appointment of counsel finding the issues presented in Defendant's Motion were straightforward and ordered the Government to file a response. (d/e on 06/29/2022). On July 29, 2022, the Government filed a Response in Opposition. (D. 73) (D. 74). Defendant filed a Reply on August 26, 2022. (D. 75). This Order follows.

**LEGAL STANDARD**

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id*. The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

**DISCUSSION**

The Court finds the exhaustion requirements have been met, and therefore addresses this matter on the merits. Defendant is a 60-year-old male who seeks compassionate release due to the amputation of his toes on his right foot, which he claims has left him unable to care for himself in prison. (D. 70). In response, the Government argues Defendant has provided no evidence in support of his argument that his toes amputations have left him unable to care for himself and point to Defendant's medical records which show he has been an active participant in his healthcare and his doctor's notes of an "impressive recovery" from his amputation surgery. (D. 73, pp. 4-5). The Government further argues the § 3553(a) factors weight against early release one year into a 64-month sentence because it "would not serve the purposes of sentencing, promote respect for the law, reflect the seriousness of the offense or contribute to sentencing uniformity." *Id.* at p. 8. The Government also points to Defendant's active criminal history, which is has not been deterred by his health. *Id.*

The Sentencing Commission policy statement in United States Sentencing Guidelines § 1B1.13 addresses sentence reductions based on medical conditions under § 3582(c)(1)(A). Per the policy statement, an "extraordinary and compelling" medical reason for release can include a serious medical condition that substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* USSG § 1B1.13, cmt. n.1(A). In *United States v. Gunn,* the Seventh Circuit clarified that courts are not bound by the Sentencing Commission's analysis in § 1B1.13 regarding the definition of "extraordinary and compelling" reasons, but strongly suggested that those guidelines are still relevant to district courts' decisions. 980 F.3d at 1180-81.

**A. Defendant's Medical Condition**

Defendant's medical history includes numerous ongoing medical conditions. Regarding Defendant's right lower extremity, he suffered a right heel crush injury in 1987. As a result, his right leg is three inches shorter than his left and he uses an orthopedic shoe lift and cane for stability. He also has suffered from type-2 diabetes since 2006. In early 2022 Defendant experienced diabetic foot ulcers which resulted in the amputation of two toes on his right foot in March 2022, followed by a trans metatarsal amputation on the right foot in April 2022.

Defendant continued the recommended wound care for his right foot which included being seen by a medical professional several times a week, plus as needed, throughout May and June 2022. The medical records indicate post-amputation swelling, pain, and hospitalizations for possible osteomyelitis. By the end of June 2022, Defendant's medical records note there was no swelling or pain in the lower right extremity. In early July 2022, his medical records state that Defendant had made progress in healing his wound, but that he was going to need long-term help to get full resolution. His records further note that while still "uncontrolled," Defendant had made significant improvements of diabetes control which is essential to improve the outcome of his wounds.

The most recent medical records produced are from a follow up visit at Rehabilitation Services on July 26, 2022, which state Defendant "has had an impressive recovery since being transferred here." (D. 74, p. 1). At that visit they discussed scheduling him for a consultation at the brace and prosthetic clinic to get him fit for custom shoes, inserts and other needs given his prior surgical history on his right lower extremity. *Id.* Noticeably absent from Defendant's medical records was any indication that he was unable to care for himself within the environment of the correctional facility, or that he was not continuing to recover from his amputation. To the contrary,

5

Defendant's medical records indicate an "impressive recovery" and ongoing improvements in controlling his diabetes.

Based on the foregoing, this Court finds Defendant's health conditions are not an "extraordinary and compelling" reason to release Defendant, whether considered alone or together with any other reason. To the extent Defendant believes he is not receiving what he believes to be proper treatment for his medical conditions, a motion for compassionate release is not the correct vehicle for such a challenge. *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022).

### B. The § 3553(a) Factors Do Not Warrant a Sentence Reduction

The Seventh Circuit recently held that the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons must proceed in two steps. *Thacker,* 4 F.4th at 576. First, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction. *Id.* Upon a finding that an "extraordinary and compelling" reason exists, step two requires a district court to exercise its discretion to consider any applicable sentencing factor in § 3553(a) to determine what sentence reduction to award the prisoner. *Id.*

Here, this Court found that Defendant failed to identify an "extraordinary and compelling" reason warranting a sentence reduction. Therefore, the Court need not consider the sentencing factors under § 3553(a). Even if the Court were to reach the 3553 factors, the court would continue to find that consideration of those factors weighs strongly against granting compassionate release.

### CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [70] is DENIED.

ENTERED this 26th day of August, 2022.

                                                        s/ Michael M. Mihm  
                                                        Michael M. Mihm  
                                                        United States District Court Judge